

U.S. Department of Justice

**Scott C. Blader**
**United States Attorney**
**Western District of Wisconsin**

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

<u>Address:</u>
222 West Washington Avenue
Suite 700
Madison, Wisconsin 53703

March 4, 2020

Attorney Peter Moyers
Federal Defender Services of Wisconsin, Inc.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703

  Re: *United States v. Patrick Staton*
     Case No. 19-CR-156-jdp

Dear Attorney Moyers:

  This is the proposed plea agreement between the defendant and the United States in this case.

  1. The defendant agrees to plead guilty to Count 2 of the indictment in this case. This count charges a violation of Title 18, United States Code, Section 922(g)(1), which carries maximum penalties of ten years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

  2. The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

  3. The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants

March 4, 2020
Page 2 of 4

to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

4. The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report. The United States also agrees to move to dismiss Count 1 of the indictment at the time of sentencing.

5. The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility.

6. The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant also authorizes the U.S. Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

7. In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

8. The defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

March 4, 2020
Page 3 of 4

9. If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

10. By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case and that the prior plea offer dated February 13, 2020 has been rescinded.

Very truly yours,

SCOTT C. BLADER
United States Attorney

By:

*Taylor Kraus*

TAYLOR L. KRAUS
Assistant United States Attorney

04/29/2020
Date

4/29/20
Date

*Peter R. Moyers*

PETER MOYERS
Attorney for the Defendant

*[signature]*

PATRICK STATON
Defendant

4-21-20
Date